UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Dott Acquisition, LLC,　　　　　　　　　　　　　　Case No. 10-72255-R
　　　　　　Debtor.　　　　　　　　　　　　　　　　Chapter 7
_____/　　　　　　　　　Hon. Steven Rhodes

K. Jin Lim, Trustee,
　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 12-06193

Lakeshore Energy Services, LLC,
　　　　　Defendant.
_____/

## **OPINION DISMISSING TRUSTEE'S AMENDED COMPLAINT**

The Trustee filed this adversary proceeding for recovery of money pursuant to 11 U.S.C. § 549 on December 20, 2012. The Trustee's complaint alleges the following facts:

Defendant Lakeshore Energy provided goods and services to TTOD beginning in July 2007. On October 7, 2008, the debtor purchased all assets of TTOD and assumed all contracts and liabilities of TTOD.

On September 4, 2009, Lakeshore Energy brought a lawsuit against TTOD in Lapeer County Circuit Court for breach of contract. On October 9, 2009, TTOD brought a third party complaint against the debtor asserting that the debtor was required to indemnify TTOD.

On July 15, 2010, TTOD seized all assets of the debtor and has continued to operate the debtor's business.

An involuntary petition was filed against the debtor on October 2, 2010. An order for relief

was entered on November 3, 2010.[1]

On July 1, 2011, Lakeshore Energy and TTOD entered into a settlement agreement whereby TTOD would pay $125,000 to Lakeshore Energy. TTOD paid $50,000 to Lakeshore Energy in early July 2011 and the balance in 12 monthly installments beginning August 1, 2011.

The trustee's complaint asserts that "In adhering to the terms of the settlement, TTOD effectively transferred assets of the Debtor to the Defendant." The complaint requests avoidance of the settlement payments pursuant to § 549 and recovery of the funds pursuant to § 550(a).

On January 31, 2013, Lakeshore Energy filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) or in the alternative a motion for summary judgment. The Trustee filed a response on February 28, 2013, and Lakeshore Energy replied on March 20, 2013.

The Court held a hearing on March 25, 2013, and allowed the trustee 28 days to file an amended complaint.

The trustee filed an amended complaint on April 22, 2013. Lakeshore Energy filed a motion to dismiss the amended complaint on May 6, 2013. The trustee responded to the motion to dismiss on May 20, 2013.

I.

A motion under Rule 12(b)(6) tests the "sufficiency of [a] complaint." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S. Ct. 99 (1957). A court must examine the plaintiff's allegations and determine whether, as a matter of law, "the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] court considering a

---

1. The amended complaint alleges incorrect dates for the involuntary petition, which was actually filed on October 21, 2010 and the order for relief which was actually entered on November 23, 2010.

2

motion to dismiss under Rule 12(b)(6) 'must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.'" *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005) (citations omitted).

In two cases, the Supreme Court refined the rules regarding the sufficiency of a complaint. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Supreme Court rejected "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561, 127 S. Ct. 1955 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). The Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

*Id*. at 555–56, 127 S. Ct. 1955 (emphasis added) (citations and footnote omitted). The Court went on to hold that:

> stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest [grounds for relief]. Asking for plausible grounds to infer [a right to relief] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [an entitlement to relief]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

3

*Id*. at 556, 127 S. Ct. 1955 (citation and footnote omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court further explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation.") . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

129 S. Ct. at 1949-50 (citations omitted).

II.

In the present case, Lakeshore Energy asserts that the trustee's § 549 amended complaint only states "threadbare legal conclusions" and is "devoid of any factual allegations to support that estate assets were used to pay defendant."

The trustee asserts that "A debtor's interest in property of an alter ego is property of that debtor's bankruptcy estate." However, the trustee's complaint only makes the barest of allegations which might possibly assert an alter ego argument. Paragraph 11 asserts that "TTOD seized all assets of the Debtor and has continued to operate the Debtor's business." Paragraph 19 asserts

4

TTOD used property of the estate to pay the Debtor's debts. Although the trustee's brief states that "the evidence indicates that TTOD and Debtor were alter-egos of one another, and that their finances were substantially intertwined," there are no factual allegations in the complaint that support this assertion. Moreover, the complaint lacks any allegation of facts linking the transaction in question to the debtor's assets.

## Conclusion

The Trustee's amended complaint does not withstand the defendant's second Rule 12(b)(6) motion. The trustee's amended complaint only offers minimal legal conclusions with virtually no factual support. The trustee's brief offers a slight glimpse into her legal strategy, arguing that TTOD is an alter ego of the debtor. However, it does not provide any substantial factual support for the argument. Moreover, the complaint fails to link the allegation that TTOD is the alter ego of the debtor to the assertion that the property transferred was property of the debtor. The complaint suggests that if TTOD is an alter ego, its property is also property of the estate, but the complaint makes no factual or legal argument to support this veiled proposition.

Accordingly, the amended complaint is DISMISSED.

Not for publication

**Signed on July 16, 2013**

                                                                                        **/s/ Steven Rhodes**
                                                                                        **Steven Rhodes**
                                                                                        **United States Bankruptcy Judge**